200 December 22, 2021 No. 13

## IN THE OREGON TAX COURT
## REGULAR DIVISION

Grant E. PICKER
and Patricia A. Picker,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant.*

(TC 5428)

In this personal income tax case, Plaintiffs submitted a motion to stay their obligation to pay the tax assessed, based on undue hardship. Defendant argued that Plaintiffs' affidavit alone showed that they had sufficient assets to pay the tax, disqualifying them from relief. Alternatively, Defendant asserted that more information was needed before the court could rule on the issue. The court declined to deny Plaintiffs' motion to stay payment merely due to home equity sufficient to pay the tax due. The court requested additional proof to decide the motion, including bank, mortgage, and credit card statements, as well as federal income tax returns and forms. The court dismissed Plaintiffs' complaint after they failed to provide the additional documentation or pay the assessed tax.

Submitted on Plaintiffs' motion for stay of payment of income tax.

Grant Picker and Patricia Picker, Plaintiffs, filed the motion *pro se*.

Patrick L. Rieder, Assistant Attorney General, Department of Justice, Salem, filed a response for Defendant.

Decision rendered December 22, 2021.

### ROBERT T. MANICKE, Judge.

On or about September 29, 2021, Plaintiffs filed a complaint in this division seeking to appeal income tax assessments, or denial of income tax refunds, for tax years 2013 and 2014. Plaintiffs also moved for an order staying immediate payment of the tax and any interest and penalties due to undue hardship, as allowed by ORS 305.419(3). Plaintiffs attached an Affidavit of Income, Assets, and Expenses in support of their motion. On October 29, 2021, Defendant objected to hardship relief.

On November 2, 2021, the court issued an Order on Plaintiffs' Motion for Stay of Payment of Income Tax (Order). The Order explained that state law "generally requires payment of any net income tax assessed, as well as penalties and interest, *on or before* the filing of a complaint in this division," but that the court may stay immediate payment on a finding of undue hardship. (Emphasis added.) The Order found that certain information in Plaintiffs' Affidavit required additional proof before the court could consider the motion. The Order directed Plaintiffs, on or before December 15, 2021, to either (1) file with the court and serve on Defendant a new, supplemental Affidavit with copies of documents substantiating certain items or; (2) pay to Defendant the tax, penalties, and interest assessed. The Order directed Defendant to transmit the payoff amount to Plaintiffs. The Order stated that the court would entertain a motion by Defendant to dismiss Plaintiffs' appeal if the December 15 deadline were not met.

On November 19, 2021, the court received a document from Plaintiffs that states, in part: "Plaintiffs are asking the Tax Court to set the [hardship] Affidavit aside and *first* address and make a judgement on if indeed the DOR has legal and Valid case against the Plaintiffs." (Emphasis added.) The letter goes on to explain Plaintiffs' position on the merits of the case. Nothing in the letter responds to the directions in the court's November 2 Order. The seven pages of attachments contain nothing substantiating the points listed in the Order.

December 14, 2021, Defendant sent the court a letter. The letter states that Defendant sent Plaintiffs the payoff amount as directed in the Order. The letter explains that the payoff amount reflects a reduction that Defendant decided to make solely in this case: Defendant reduced the payoff amount to the (lower) amount found by the magistrate, rather than the (higher) amount Defendant had assessed.

Defendant's December 14 letter states, in part: "Should the Pickers fail to comply with the Court's November 2 order requiring the Pickers to provide evidence of undue hardship on or before December 15, the Department asks the

Court to find no undue hardship, dismiss plaintiffs' complaint with prejudice, and enter judgment consistent with the magistrate's decision—unless plaintiffs pay the balance remaining balance due for 2013 within 30 days of the court's undue hardship determination." The court treats the quoted sentence as Defendant's motion to dismiss, should Plaintiffs fail to comply with the Order.

Defendant's December 14 letter also asserts that only the 2013 tax year is properly before the court because the Decision of Dismissal in Case No. TC-MD 160268N relates only to the 2013 tax year. According to Defendant, Plaintiffs have not appealed any issues for the 2014 tax year to the Magistrate Division.[1]

By email on December 21, 2021, the court asked the parties whether Plaintiffs had paid any amounts of tax, penalties, or interest assessed. Counsel for Defendant responded by letter the same day to the effect that Defendant had not received any payment related to tax years 2013 or 2014.

Having considered all filings to date, the court finds and orders as follows:

The court finds that Plaintiffs have failed to comply with the court's November 2 Order because they have neither provided the listed financial substantiation nor paid any tax, penalty or interest assessed for tax years 2013 or 2014.

As to tax year 2013, the court will grant Defendants' December 14 motion to dismiss in part and deny the motion in part. The court will grant the motion to the extent of dismissing the appeal of tax year 2013 with immediate effect. The court will deny the motion to the extent that the motion requests that Plaintiffs be allowed an additional 30 days to pay. The court's November 2 Order directed Plaintiffs to exercise one of two options on or before December 15, 2021, and Plaintiffs did not avail themselves of either one. The court will dismiss Plaintiffs' complaint as to tax year 2013 with prejudice.

---

[1] Defendant's December 14 letter goes on to discuss various contingencies, depending on how the court proceeds in response to Plaintiffs' Motion for Stay of Payment of Income Tax.

As to tax year 2014, the court will dismiss Plaintiffs' complaint without prejudice. The court will hear a new, timely filed complaint in this division of the court as to tax year 2014, assuming that Plaintiffs file a new complaint in compliance with all procedural requirements, including the requirement to have their appeal heard first in the Magistrate Division under ORS 305.501 and to pay any assessed tax, penalty and interest (or demonstrate undue hardship under ORS 305.419) and to pay the filing fee. Now, therefore,

IT IS ORDERED that the above-captioned matter is dismissed.